UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ANTHONY SIMON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Case No. 15-11788-PBS |
| | ) | |
| PLYMOUTH POLICE DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

August 4, 2016

Boal, M.J.

Pro se plaintiff Anthony Simon alleges that the Plymouth Police Department, through the actions of Detectives Timothy P. MacMillan, James R. Vachon, and James E. LeBretton (collectively, the "Town Defendants") violated his constitutional rights by unlawfully seizing a food truck. Simon also brings suit against pro se defendant Jeffrey Snow, the individual from whom he leased the food truck.

On March 2, 2016, before the close of fact discovery, Simon filed a motion for summary judgment. Dkt. No. 47. The motion consisted of one paragraph of legal argument and 67 pages of exhibits, and did not include a Local Rule 56.1 statement, which sets out the material facts that the moving party believes are undisputed. On April 26, 2016, Snow filed a motion to dismiss. Dkt. No. 52. The Court held a status conference on April 27, 2016 to discuss the parties' motions and the status of discovery. At that hearing, the Court informed the parties that it intended to treat Snow's motion to dismiss as a motion for summary judgment. The Court also provided Snow and Simon with an opportunity to comply with Local Rule 56.1 by allowing them

1

to supplement their motions two weeks after the Town Defendants moved for summary judgment. Dkt. No. 55.

On June 24, 2016, the Town Defendants moved for summary judgment with an accompanying Local Rule 56.1 statement with citations to supporting documents. Dkt. Nos. 57, 59, Exs. 1-6. On July 8, 2016, Simon and Snow each submitted a statement of undisputed material facts. Dkt. Nos. 61, 62. Simon, however, did not directly oppose either the Town Defendants or Snow's dispositive motion.

Pursuant to Local Rule 56.1, "[m]otions for summary judgment shall include a concise statement of the material facts of record as to which the moving party contends there is no genuine issue to be tried, with page references to affidavits, depositions and other documentation. Failure to include such a statement constitutes grounds for denial of the motion." Local Rule 56.1. Oppositions to a motion for summary judgment shall also include statements of material facts and copies of all referenced documentation should be filed as exhibits to the motion or opposition. Id. Material facts may be deemed admitted by the opposing party if they are not properly contested. See Local Rule 56.1 and Fed. R. Civ. P. 56(e). A court has discretion to decide whether to impose the sanction of deeming the moving party's factual assertions admitted. See Swallow v. Fetzer Vineyards, 46 Fed. Appx. 636, 638-39 (1st Cir. 2002).

Simon has not submitted an opposition brief to either the Town Defendants or Snow's motion for summary judgment and Simon's statement of material facts fails to include page references to affidavits, depositions, or other documentation as required by Local Rule 56.1 or to any of the documents attached to his motion for summary judgment. See Dkt. No. 62. In addition, Simon has not responded to the Town Defendants' statement of material facts. Even

though Simon is pro se, he should comply with the Local Rules.  Accordingly, in an effort to decide this case on the merits, the Court will provide him with an opportunity to cure these deficiencies.

It is hereby ORDERED that:

- Simon must file his opposition, if any, to the dispositive motions filed by the Town Defendants and Snow by **September 6, 2016**.

- By **September 6, 2016**, Simon must supplement his statement of material facts with page references to affidavits, depositions, or other admissible evidence of record.  He must also file the referenced materials with the Court.

- By **September 6, 2016**, Simon must respond to the Town Defendants' Local Rule 56.1 statement by indicating whether or not he disputes each fact.  Simon should follow the format laid out by the Town Defendants in Docket Number 59.  Simon must provide the factual support for his version of each disputed fact through an affidavit or some other form of admissible evidence.

- The Town Defendants and Snow may respond to Simon's submissions on or before **September 20, 2016**.

          /s/ Jennifer C. Boal
          JENNIFER C. BOAL
          United States Magistrate Judge